2009-74116 / Court: 333

Filed 09 November 16 P4:28
Loren Jackson - District Clerk
Harris County
ED101J015578382
By: Sharon Carlton

NO. _____

| | | |
|---|---|---|
| T. DORINA PAPAGEORGIOU, <br> Plaintiff | § <br> § <br> § | IN THE DISTRICT COURT OF |
| vs. | § <br> § | HARRIS COUNTY, TEXAS |
| THE UNIVERSITY OF TEXAS HEALTH <br> SCIENCE CENTER AT HOUSTON <br> Defendant | § <br> § <br> § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff T. Dorina Papageorgiou now files this Original Petition against the Defendant, The University of Texas Health Science Center at Houston. In support, Plaintiff states as follows:

### DISCOVERY CONTROL PLAN

1. This is a lawsuit for damages, specific performance and other equitable relief. Plaintiff designates this case for handling under a Level 2 Discovery Plan pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff T. Dorina Papageorgiou ("Papageorgiou") is a natural person who resides in Harris County, Texas.

3. Defendant, The University of Texas Health Science Center at Houston is a medical school doing business in and around Houston, Texas. Defendant may be served in accordance with the Texas Civil Practice & Remedies Code and/or the Texas Rules of Civil Procedure.

### JURISDICTION, VENUE AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. This Court has subject matter jurisdiction of the claims asserted herein, as they are within the jurisdictional limits established for this Court.

5. This Court has personal jurisdiction over the Defendant, which is a state-created entity and which does business in and around Houston, Texas.

6. There is venue over the claims asserted herein, as all or a substantial part of these claims stem from conducting occurring in Harris County, Texas.

7. Plaintiff timely filed a charge of retaliation with the United States Equal Employment Opportunity Commission.

8. On or about August 17, 2009, the EEOC issued and mailed a Notice of Right to Sue letter. This suit has been filed within ninety days of receipt of that letter.

9. Accordingly, Plaintiff has exhausted all administrative remedies that are a prerequisite to filing this lawsuit.

## FACTS

10. Plaintiff was previously employed by Defendant as a Graduate Research Assistant.

11. While employed, she accused a faculty member, who happened to be her doctoral dissertation advisor, of sexual harassment.

12. Plaintiff filed an EEOC charge alleging sexual harassment and, eventually, filed a lawsuit in state district court in Harris County, Texas. That lawsuit was styled *Papageorgiou v. The University of Texas Health Science Center at Houston*, Case No. 2005-45286, in the 157th Judicial District Court, Harris County, Texas ("the Original Lawsuit").

13. That lawsuit was eventually settled pursuant to a written agreement between Plaintiff and Defendant ("the Settlement Agreement").

14. Subsequent to the settlement, however, the Defendant breached a specific material provision of the Settlement Agreement.

15. Plaintiff now sues to redress Defendant's breach of contract, which Plaintiff contends occurred in retaliation for her original charge of discrimination and because of her original lawsuit alleging sexual harassment.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

16. Plaintiff restates each of the foregoing paragraphs as if fully set forth herein.

17. Plaintiff and Defendant settled the Original Lawsuit pursuant to the Settlement Agreement, which was executed by the parties in January 2006.

18. In 2007, Plaintiff requested that Defendant comply with a certain material term of the Settlement Agreement. However, the Defendant refused to do so then and to this day refuses to do so.

19. Defendant has therefore breached the Settlement Agreement.

20. Plaintiff has been damaged by the Defendant's breach of contract.

21. Plaintiff now sues to recover all damages resulting from the Defendant's breach of contract. She also sues for specific performance, seeking an order of the Court requiring Defendant to perform its obligations under the Settlement Agreement.

### SECOND CAUSE OF ACTION – RETALIATION

22. Plaintiff restates each of the foregoing paragraphs as if fully set forth herein.

23. Plaintiff engaged in protected conduct when she filed her original EEOC charge and when she filed the Original Lawsuit, which complained of the Defendant's sexual harassment and retaliation against her.

24. Defendant has refused to comply with the Settlement Agreement because of its animus towards her for her original EEOC charge and because she filed the Original Lawsuit in which she accused the Defendant of sexual harassment and retaliation.

25. Defendant has thus engaged in prohibited retaliation against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

26. Plaintiff has been damaged as a result of the Defendant's retaliation against her.

### JURY DEMAND

27. Plaintiff demands a trial by jury.

### COSTS AND ATTORNEY'S FEES

28. In the event that Plaintiff is the prevailing party in this case, she seeks an award of reasonable attorney's fees and expert fees, as part of the costs of suit.

### PRAYER

Wherefore, Plaintiff respectfully requests that the Defendant be cited to Answer this Petition, and to defend against the allegations contained herein. Plaintiff asks that the Court award her, to the fullest extent allowed by law:

a. Actual damages, including compensatory damages;

b. Equitable relief, including specific performance of the Settlement Agreement;

c. Attorney's fees;

d. Taxable court costs, including expert witness fees; and

e. Such other and further relief to which Plaintiff may show herself entitled.

Respectfully submitted,

By: s/ Andrew S. Golub
    Andrew S. Golub
    DOW GOLUB REMELS & BEVERLY, LLP
    State Bar No. 08114950
    8 Greenway Plaza, 14th Floor
    Houston, Texas 77046
    Telephone: (713) 526-3700
    Telecopier: (713) 526-3750

ATTORNEY FOR PLAINTIFF